Catherine Wolcott, Appellant *v.* Athens Area School District, Charles Utter and Arlene Utter, his wife, Appellees.

Argued September 18, 1981, before Judges BLATT, CRAIG and MacPHAIL, sitting as a panel of three.

*John Kocsis, Dowd and Kocsis,* for appellant.

*Daniel J. Barrett, Beirne & Barrett,* for appellee, Athens Area School District.

*Frank J. Niemiec, Davis, Murphy and Niemiec,* for appellees, Charles Utter and Arlene Utter, his wife.

OPINION BY JUDGE MACPHAIL, November 19, 1981:

Catherine Wolcott (Wolcott) appeals to this court from an order entered by the Court of Common Pleas of Bradford County sustaining the demurrers of the Athens Area School District (School District) and Mr. and Mrs. Charles Utter (Utters) to her complaint in equity which sought to have that court set aside a deed from the School District to the Utters because the transfer was allegedly illegal.[1]

From the briefs, we are informed that there were at one time five law suits involving the Utters and the School District concerning various land problems. On January 3, 1977, a stipulation was entered into between the parties, the intent of which was to resolve the differences between the parties and end the litigation. That stipulation was approved by the trial judge. Included in the stipulation was a provision that the School District would "deed" to Utters a trapezoidal piece of property which is the subject of the instant suit.

Wolcott's complaint states that the School District as owner in fee simple did convey to Utters on January 10, 1978, a tract of real estate containing 12,431 square feet and that the conveyance was made by the School District without compliance with the provisions of Section 707(3) of the Public School Code of

---

[1] A similar appeal involving the identical issue but with a different plaintiff was quashed by this court last year because it was untimely filed. *Hook v. Athens Area School District,* 50 Pa. Commonwealth Ct. 420, 413 A.2d 1151 (1980).

1949 (Code), Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §7-707(3).[2]

The gravamen of the demurrers is that the deed from the School District to the Utters, a copy of which is annexed to Wolcott's complaint, states that:

This conveyance is in accordance with a Stipulation and Order of Court of Common Pleas, Nos. 208 October Term, 1976, 209 October Term, 1976; 5 July Equity Term, 1976, 1 April Term, 1976, and 8 October Equity Term, 1977; and also by Resolution of the Athens Area School District dated the 14th day of September, 1976.

---

[2] The board of school directors of any district is hereby vested with the necessary power and authority to sell unused and unnecessary lands and buildings by any of the following methods and subject to the following provisions:

. . . .

(3) At private sale, subject to the approval of the court of common pleas of the county in which the school district is located. Approval of the court shall be on petition of the board of school directors, which petition shall be executed by the proper officers of the board, and shall contain a full and complete description of the land proposed to be sold, a brief description and character of the building or buildings erected thereon, if any, the name of the prospective purchaser, the amount offered for the property, and shall have attached thereto an affidavit of at least two persons who are familiar with the values of real estate in the locality in which the land and buildings proposed to be sold are located, to the effect that they have examined the property, that the price offered therefor is a fair and reasonable one and in their opinion a better price than could be obtained at public sale, and that they are not interested, either directly or indirectly, in the purchase and sale thereof. Before the court may act upon any such petition it shall fix a time for a hearing thereon and shall direct that public notice thereof be given as provided in clause (1) of this section. A return of sale shall be made to the court after the sale has been consummated and the deed executed and delivered.

This conveyance is in conjunction with the purchase of lands, issuing of bonds and construction of the Athens Area School District Harlan Rowe Middle School.

The School District and the Utters argue that the transfer from the School District to Utters was not a private *sale* of real estate within the meaning of Section 707(3) of the Code, but rather a conveyance made in settlement of the disputes between the two parties involving title to land, boundaries and other matters. In sustaining the demurrers, the trial judge agreed with that contention, holding that the legislature did not intend Section 707 of the Code to apply to such circumstances because "absurd results would follow." Specifically, the trial judge noted that the literal application of Section 707 to these circumstances would render it impossible for a school district ever to resolve a boundary or title dispute where it had to convey any real estate, no matter how small, without following the expensive and time consuming court procedures set forth in Section 707(3).

In ruling upon the demurrers, the truth of all factual averments in the complaint and reasonable inferences deducible therefrom must be assumed. *Sinwell v. Pennsylvania Board of Probation and Parole,* 46 Pa. Commonwealth Ct. 429, 406 A.2d 597 (1979). Thus, arguments made to this court by the School District that in fact the School District simply abandoned the subject real estate or that its title to the real estate was questionable are matters we cannot consider at this time. All that is before us now is the narrow question of whether a deed of conveyance from a school district to private individuals which recites that the conveyance has been made in accordance with a court order, *and* is in "conjunction with" construction of a new school, violates the provisions of the Code. We hold that it does not.

Our examination of the provisions of the Code begins with Section 703, 24 P.S. §7-703 which authorizes the School District to sell, convey, transfer, dispose of, or abandon real estate "as the board of school directors may determine." Section 707 deals with sales of real estate by School District and Section 708, 24 P.S. §7-708 deals with the abandonment of real estate by a school district. Section 707(3) provides that when a school district decides to dispose of unused and unnecessary lands[3] at private sale, court approval preceded by public notice and hearing must be obtained. Section 707(9) authorizes a school district "notwithstanding the foregoing provisions of this section" to convey unused or unnecessary real estate with or without consideration to any person "in connection with any lease of a school building *or project*" (emphasis added) which the school district deems necessary to carry out the project.

As we have previously noted, Wolcott contends that the subject conveyance violates Section 707(3). The bare allegations of the complaint and the fair inferences therefrom would tend to support that position. We do not believe the trial court's approval of a stipulation[4] is sufficient to avoid the provisions of

---

[3] There is no allegation in the complaint that the subject land was unused or unnecessary. Neither the trial court nor the litigants, however, have discussed this defect in the complaint. Since the absence of that necessary allegation may be cured by an amended pleading we will not hinge this decision on that omission.

[4] Neither the stipulation nor the order of court mentioned in the deed are a part of the complaint. Apparently the trial court took judicial notice of other court records with the consent of the litigants and considered as well additional stipulations entered into by the parties in disposing of the preliminary objections. While such matters may be considered in a motion for judgment on the pleadings or a motion for summary judgment, they must be disregarded where the matter before the court is a demurrer. In such cases, the inquiry is limited to the pleading under attack; here, the complaint.

Section 707(3), if that provision is applicable to the instant transaction. When one looks at the deed, however, a copy of which is attached to the complaint and thereby incorporated into the complaint by reference, the language set forth therein becomes crucial. That language, which we have previously quoted, clearly indicates that the subject conveyance was not a private sale of real estate; indeed, it was not a sale at all. The consideration recited in the deed is one dollar. No deed transfer stamps have been affixed indicating a greater consideration. The conveyance, according to the deed, was made by the School District pursuant to a resolution of the School District to 1) comply with a court order and 2) facilitate the construction of a new school. Because the conveyance was not a sale, the provisions of Section 707(3) do not apply.[5]

There is nothing in the complaint or deed which would indicate that there has been an abandonment of the real estate under the provisions of Section 708 of the Code.

Therefore, since there is nothing in the complaint or deed to indicate that the transfer was a sale or an abandonment of the School District's real estate we hold that the School District's general authority to convey real estate as found in Section 703 of the Code was sufficient to authorize the subject conveyance without further court approval.

Accordingly, we conclude that the conveyance was not in violation of the provisions of the Code and that

---

[5] We note in passing that Section 707(9) which authorizes a school district to convey real estate without court approval to any person with or without consideration in connection with a school project, may also be authority for the School District's action in the within matter. Since neither the trial court nor the litigants discussed this possibility, however, we will not rule on its applicability to the facts at hand.

the complaint fails to set forth a cause of action which would entitle Wolcott to have the deed set aside. The order of the trial court will be affirmed.

### ORDER

AND Now, this 19th day of November, 1981, the order of the Court of Common Pleas of Bradford County dated October 1, 1980 sustaining the preliminary objections of the Athens Area School District and Charles and Arlene Utter in the nature of demurrers, is affirmed.