## Bridge v. Boris

*Jack G. Linshaw*, for plaintiff.
*John Klemeyer*, for defendant Boris.
*John Finan*, for defendant Bank.

THOMSON, *P.J.*, November 23, 1982— Defendant Gertrude Boris has filed preliminary objections in the nature of a demurrer in response to the complaint of plaintiff Althea Bridge. This is an action in equity wherein defendants are accused of conduct running afoul of the Uniform Fraudulent Conveyance Act, 39 P.S. §357 et seq.

The standard to be applied upon attack of a complaint in the form of a demurrer is that the truths of all factual averments in the complaint and reasonable inferences deducible therefrom must be assumed: Wolcott v. Athens Area School District, ____ Pa. ____, 437 A. 2d 98 (1981). The complaint has alleged the following sequence of events that we must take as true for the purpose of this motion.·

The complaint alleges that plaintiff was at one time married to defendant Ross C. Bridge, Jr. These

two parties were divorced in 1977 and the support order that is the foundation of this suit was reinstated on July 25, 1979. Plaintiff claims that despite numerous attempts to force Ross C. Bridge, Jr. to comply with the order, defendant continued to let his arrears accumulate to the point where it totaled $4,940. Plaintiff entered a judgment for that amount on November 2, 1981. In the meantime, Ross C. Bridge, Sr. died on October 22, 1980 leaving a piece of real property to Ross C. Bridge, Jr. and his sister Gertrude Boris. Ross C. Bridge, Jr. then conveyed his share of real property to Gertrude Boris on August 19, 1981 for the sum of $10,000. The essence of the complaint is that Ross C. Bridge, Jr. conspired with Boris and First National Bank of Pike County to transfer the said real property to make himself judgment proof.

Boris' demurrer rests on the assumption that plaintiff may only make a claim under 39 P.S. §354 which states: "Every conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent, is fraudulent as to creditors, without regard to his actual intent, if the conveyance is made or the obligation is incurred without a fair consideration." Boris takes the position that the complaint fails to state a cause of action since plaintiff failed to allege the subsequent insolvency of Bridge and the lack of fair consideration of the conveyance.

We hold that defendant Boris is incorrect in his assumption that section 354 is the only section under which plaintiff may state a cause of action. We agree with plaintiff that her complaint does state a cause of action 39 P.S. §357 which states: "Every conveyance made and every obligation incurred with actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud

either present or future creditors." It is not necessary to allege subsequent insolvency or lack of fair consideration of the conveyance under section 357, Butler County v. Brocker, 455 Pa. 343, 314 A. 2d 265 (1974).

Defendant Boris also takes the stand that plaintiff failed to allege that Boris had any actual fraudulent intent which is indeed a requirement under section 357. The complaint sets forth the sequence of events mentioned before and paragraph 21 which states: "That the above transactions demonstrate that Gertrude Boris and Ross C. Bridge are acting in concert to make said premises unavailable to Plaintiff for execution."

We hold that this allegation is sufficient to state a cause of action under section 357. Defendant Boris claims that paragraph 21 of the complaint states a mere conclusion of plaintiff and fails to make a sufficient allegation of actual fraud on her part. A similar defense was raised in the case of Schaffer v. Wismer, 6 D. & C. 2d 229 (1954). The Court of Common Pleas of Montgomery held that Pa.R.C.P. 1019(b) addressed this question. The relevant section of Rule 1019(b) states: "Malice, intent, knowledge, and other conditions of mind may be averred generally." The court in Schaffer v. Wismer then cited Goodrich Amram with approval as stating:

"As a matter of sheer necessity, Rule 1019(b) permits conditions of the mind, such as malice, intent or knowledge to be pleaded generally. There is really no choice, since there is no other way to plead such matters. Any effort to particularize will necessarily lead into the pleading or detailed evidence to support the averment of malice, intent or knowledge. Goodrich-Amram Civil Practice, Section 1019(b)-2." Ibid., 6 D. & C. 2d at 232.

We hold that paragraph 21 taken in conjunction with the rest of the complaint is sufficient to state a cause of action against defendant Boris under 39 P.S. §357.

## ORDER

And now, November 23, 1982, defendant Gertrude Boris' preliminary objections are hereby denied.