## In Re: Petition of Board of School Directors of Bentworth School District for Private Sale of Real Estate

*Anthony J. Seneca*, for Bentworth School District.
*Damel L. Chunko*, for respondent.
*Jack H. France*, for the board of trustees for the Episcopal Diocese of Pittsburgh.

RODGERS, *J.*, July 9, 1985—The Board of School Directors of the Bentworth School District, in this county, petitioned the court for the approval of the private sale of real estate in the Borough of Ellsworth, specifically described in Exhibit A to the petition, "having erected thereon a one story brick building commonly known ·as the Bentworth Administration Building" to the Board of Trustees for the Episcopal Diocese of Pittsburgh for the purchase price of $24,000.

The petition recited that the district was the owner of the subject real estate "which your petitioners

have determined to be unused and unnecessary for the school purposes"; attached a description of the real estate; recited that at a regular meeting of the board on March 20, 1984, petitioners had accepted an offer submitted by the Episcopal Diocese to purchase the real estate for $24,000, in accordance with the terms and conditions set forth in the agreement of sale attached; and recited that the real estate had been examined by two disinterested appraisers, whose opinions were attached stating that the price offered was a fair and reasonable one, and, in their opinion, a better price than could be obtained at public sale.

To this petition, Carl E. McIlvaine, a taxpayer of the district, filed an answer denying that the real estate was unnecessary for school purposes, and as "new matter" in effect that the board had abused its discretion in authorizing the sale.

After argument before the court en banc, the court granted the motion of petitioner, school district, to strike the new matter:

"for the reason that the exercise of the Board's discretion in determining whether the subject real estate is unused and unnecessary is not an issue properly raised in this proceeding."

At the hearing before the trial judge, petitioner proved that the offer of the Episcopal Diocese to purchase the real estate was accepted, subject to court approval pursuant to 24 P.S. §7-707(3), on or about March 20, 1985, by motion approved by a majority of all the members of the board duly recorded.

It is also admitted that the former "administration building," by order of a majority of the board, has been unused since March 15, 1984, and respondent, McIlvaine, is not questioning the adequacy of the consideration offered by the diocese.

Respondent's objections at this time are:

"1. before considering the private sale to the Episcopal Diocese the Board was required by statute to fix the terms and conditions of the sale by motion or resolution; and

2. the Board failed to prove that it formally determined, either by motion or resolution, that the property was both unused and unnecessary."

The code section in question, 24 P.S. §7-707, says this:

"Sale of unused and unnecessary lands and buildings.

The board of school directors of any district is hereby vested with the necessary power and authority to sell unused and unnecessary lands and buildings, by any of the following methods and subject to the following provisions:

(1) By public auction, either on the premises to be sold or at places selected by the school board, after due notice by publication in one or more newspapers of general circulation published within the county or the school district and in the legal newspaper in said county, if any, once a week for three successive weeks before the date fixed for said sales, and by hand bills, one or more of which must be posted on the property proposed to be sold, and at least five of which must be posted at conspicuous places within the vicinity of said real estate. Terms and conditions of sale shall be fixed by the board in the motion or resolution authorizing the sale.

(2) Upon sealed bids requested by the school board, notice of the request for sealed bids to be given as provided in clause (1) of this section. Terms and conditions of sale shall be fixed by the board in the motion or resolution authorizing the request for sealed bids.

(3) At private sale, subject to the approval of the court of common pleas of the county in which the school district is located. Approval of the court shall be on petition of the board of school directors, which petition shall be executed by the proper officers of the board, and shall contain a full and complete description of the land proposed to be sold, a brief description and character of the building or buildings erected thereon, if any, the name of the prospective purchaser, the amount offered for the property, and shall have attached thereto an affidavit of at least two persons who are familiar with the values of real estate in the locality in which the land and buildings proposed to be sold are located, to the effect that they have examined the property, that the price offered therefor is a fair and reasonable one and in their opinion a better price than could be obtained at public sale, and that they are not interested, either directly or indirectly, in the purchase or sale thereof. Before the court may act upon any such petition it shall fix a time for a hearing thereon and shall direct that public notice thereof be given as provided in clause (1) of this section. A return of sale shall be made to the court after the sale has been consummated and the deed executed and delivered."

This section authorizes the sale of unused and unnecessary lands and buildings in three ways: (1) by public auction, (2) upon sealed bids, and (3) by private sale subject to the approval of the court.

This court finds that for sale, either by public auction or upon sealed bids, the board is required to fix the terms and conditions of the sale in the motion or resolution authorizing sale. No such requirement is present for a private sale subject to the approval of the court, nor is such requirement incorporated by reference to public notice to be given, as directed by the court. This court, therefore, finds no merit in re-

spondent's first objection that before considering any private sale the board, by motion, must fix the terms and conditions.

The second objection, however, this court finds to be meritorious. Paragraph two of the board's petition says:

"Bentworth School District is the owner of certain improved real estate located in the Borough of Ellsworth, Washington County, Pa., *which your petitioners have determined to be unused and unnecessary for school purposes.*" (Emphasis supplied.)

In the case of Wolcott v. Athens Area School District, 62 Pa.Commw. 491, 437 A.2d 98 at 100 (1981), in discussing section 703 of the Code, 24 P.S. §7-703, the court said (fn.3):

"There is no allegation in the complaint that the subject land was unused or unnecessary. Neither the trial court nor the litigants, however, have discussed this defect in the complaint. Since the absence of that necessary allegation may be cured by an amended pleading we will not hinge this decision on that omission."

This court finds that paragraph two of the board's petition is a necessary allegation requiring proof.

In the case of In Re: Petition of Monroeville School District, 101 P.L.J. 258 (1954), Judge (later Chief Justice) O'Brien discussing the same sections said:

"The decision to sell lands rests largely within the discretion of the board of school directors, and the courts will not interfere with the school authorities in the exercise of their discretion unless there is a clear abuse of discretion: Wilson v. School District of Philadelphia, supra; Hibbs v. Arensberg, 276 Pa. 24; Henry McCullough v. The School Directors of Fourth Ward, 11 Pa. 476. Prior to the Act of May 11, 1939, P.L. 117, the school directors had authority to

sell land without the approval of court. But commencing with the Act of 1939, as amended in 1945 and reenacted in the 1949 School Code, the legislature saw fit to require court approval of private sales of unused and unnecessary lands. It is evident that the legislature did not intend to substitute the courts' discretion for the board of directors' in determining the advisability of selling certain school property. In all three methods of sale of unnecessary and unused land and buildings, prescribed by section 707, the legislature empowers the board of school directors to make the sale, *subject to the statutory standard that the lands and buildings are unnecessary and unused.*" (Emphasis supplied.)

While the court in this proceeding may not consider whether the exercise of the board's discretion in determining whether the subject real estate was unused and unnecessary was arbitrary and capricious, the board must prove that it did in fact exercise its discretion, and in fact made a determination that the subject real estate was unnecessary.

Petitioner would have this court ignore the statutory standards specified by section 707, and determine only whether the board has complied with the provisions of the subsection relating to a private sale. It is, of course, hornbook law that the school district is a creature of the Commonwealth, and has only such powers as granted by statute. When the board purports to act by virtue of section 707(3) of the School Code, its power and authority to sell at private sale is limited to the sale of "unused and unnecessary lands and buildings".

Of course, if the district were acting under a general authority to convey real estate as found in section 703 of the code, no such limitation is present. Wolcott v. Athens Area School District, supra. Accordingly, this court must sustain respondent's ob-

jection that petitioner school board has failed to prove that it determined that the subject real estate was unnecessary for school purposes.

## ORDER OF THE COURT

And now, this July 9, 1985, the petition of the Board of School Directors of the Bentworth School District for approval of private sale of the subject real estate to the Board of Trustees for the Episcopal Diocese of Pittsburgh is refused, and this matter is remanded to the petitioner with the direction that, should the school district still desire to dispose of said property by private sale, the provisions of the statute set forth above shall be followed.