## Kegerreis v. Lincoln Intermediate Unit No. 12

*James S. Palermo* and *John J. Szajna,* for plaintiffs.

*James K. Thomas II,* for defendant Chambersburg Area School District.

KELLER, *P.J.,* August 9, 1990 — Plaintiffs, Ronald D. Kegerreis and Julie R. Kegerreis, commenced this action on February 26, 1990 by filing a complaint for damages against defendants, Lincoln Intermediate Unit No. 12, Chambersburg Area School District, Roxanne M. Dennis, Marilyn Breier and Jane L. Cline, for injuries suffered by the minor plaintiff, Ellen R. Kegerreis.

Defendant/school filed preliminary objections on April 26, 1990 in the nature of a demurrer, and a motion to dismiss for failure to join necessary parties.

Briefs of the Kegerreises and the school have been filed. Oral argument was heard June 7, 1990. The matter is now ripe for disposition.

We will first address defendant's demurrer. Defendant demurs to the complaint on the ground that plaintiff has failed to state a cause of action against it under the real estate exception to governmental immunity.

When considering a preliminary objection in the nature of a demurrer, the demurrer "admits all relevant facts sufficiently pleaded in the complaint, and all inferences fairly deductible therefrom, but not conclusions of law or unjustified inferences." *DeSantes v. Swigart,* 296 Pa. Super. 283, 286, 442 A.2d 770, 772 (1982). Only where it appears with certainty that upon the facts averred the law will not permit recovery, will a demurrer be sustained. If any doubt exists as to whether the demurrer should be sustained, the doubt should be resolved by refusing to sustain the demurrer.

Plaintiffs contend that defendant's preliminary objection concerning governmental immunity should be dismissed for being in violation of Pa.R.C.P. 1030.

Initially, we note that immunity is an affirmative defense which pursuant to Pa.R.C.P. 1030 is properly raised in new matter rather than by preliminary objection. The Supreme Court in *In re Upset Sale of Properties,* 522 Pa. 230, 560 A.2d 1388 (1989), concluded that the governmental immunity defense may be raised at any time in a proceeding. See *Cotter v. School District of Philadelphia,* 128 Pa. Commw. 159, 562 A.2d 1029 (1989). In numerous cases the courts have addressed the issue of whether the defense of immunity from suit raised by preliminary objection should be stricken. See *Swartz v. Masloff,* 62 Pa. Commw. 522, 437 A.2d 472 (1981). Courts have held preliminary objections are a proper vehicle for raising immunity where the defense is apparent on the face of the pleadings under attack. *Ziccardi v. School District of Philadelphia,* 91 Pa. Commw. 595, 498 A.2d 452 (1985). However, the Commonwealth Court and the Supreme Court have held that a party may object to an opponent's raising immunity from suit in an improper manner. The current procedure for raising such a challenge is to file preliminary objections to the preliminary objections raising the immunity defense. *McCreary v. City of Philadelphia,* 95 Pa. Commw. 285, 505 A.2d 385 (1986). Plaintiffs failed to file preliminary objections to defendant's preliminary objections. Therefore, defendant's preliminary objection will not be stricken.

Title 42 Pa.C.S. §8542 provides, inter alia:

"(b) *Acts which may impose liability* — The following acts by a local agency or any of its

employees may result in the imposition of liability on a local agency:

"(3) *Real property* — The care, custody or control of real property in the possession of the local agency, except that the local agency shall not be liable for damages on account of any injury sustained by a person intentionally trespassing on real property in the possession of the local agency."

The General Assembly intended to exempt the Commonwealth from immunity only in specific clearly defined situations. Therefore, the real property exception must be strictly construed. Exceptions to the rule of governmental immunity are to be narrowly interpreted. *Snyder v. Harmon,* 522 Pa. 424, 562 A.2d 307 (1989). We find the case law to be well established. Section 8542(b)(3) must be construed as a narrow exception to a general legislative grant of immunity.

For 42 Pa.C.S. §8542(b)(3) to apply, thus waiving the political subdivision's immunity for negligent care of real property, there must be negligence which makes the real property itself unsafe for activities for which it is used. The government-owned real estate must be able to afford safety not only for the activities for which the property is regularly used but also intended to be used or reasonably foreseen to be used. The focus of the negligent act involving a dangerous condition of real estate is the actual defect of the real estate itself. *Snyder v. Harmon, supra.* Acts of others, however, are specifically excluded in the general immunity section (42 Pa.C.S. §8541.) We must conclude that any harm caused by others may not be imputed to the local agency.

The real estate exception has consistently been held to be unavailable to those whose claim of negligence consists of a failure to adequately super-

vise the conduct of students or persons. *Mascaro v. Youth Study Center,* 514 Pa. 351, 523 A.2d 1118 (1987). The language of the real property exception would be totally distorted if the supervision of school children, or the lack thereof, was placed within its scope. *Frank v. SEPTA,* 96 Pa. Commw. 221, 506 A.2d 1015 (1986). The real estate exception can be applied only to those cases where it is alleged that the artificial condition or defect of the land itself causes the injury, not merely when it facilitates the injury by the acts of others. *Mascaro, supra.*

Plaintiffs have not alleged that an artificial condition or a defect of the land caused the minor child's injuries. The complaint instead alleges that the minor child, Ellen R. Kegerreis, received a forceful blow or was permitted to fall. There is no allegation of a defective toilet or table causing the injury; only that the child received a forceful blow or was permitted to fall. The complaint is replete with unexplained, conclusory statements rather than factual allegations. We find nothing alleged in the complaint that establishes or suggests a significant connection between an alleged dangerous condition and plaintiff's injury to trigger the application of the real property exception. We conclude that the essence or "gravamen" of plaintiff's complaint in the case at bar is that the minor child was negligently dropped, let fall, or swung onto the table or wheelchair. These claims are based upon alleged negligent supervision of the minor child and not a defect in the real property. Plaintiff's claim arises from the alleged conduct of the staff as distinguished from the condition of the property itself.

Based upon the foregoing, we are persuaded that the facts alleged do not bring the case at bar within the narrow scope of the exception to governmental immunity as set forth in the real estate exception.

We therefore sustain defendant's preliminary objection in the nature of a demurrer.

Defendant's second motion, failure of plaintiffs to join necessary parties, will not be acted upon because we have concluded the defendant's demurrer must be sustained. However, for the guidance of counsel, we feel compelled to observe that the legal posture of the Chambersburg Area School District appears to be identical with the other school districts.

## ORDER OF COURT

Now, August 9, 1990, the preliminary objections of the Chambersburg Area School District in the nature of a demurrer are sustained.

Plaintiffs are granted leave to file an amended complaint within 20 days of date hereof.