## Fowler v. Gettysburg School District

*Mark David Frankel,* for plaintiff.
*James K. Thomas III,* for defendant.

SPICER, *P.J.,* November 15, 1991—

### OPINION ON MOTION FOR
### SUMMARY JUDGMENT

Plaintiff, while a student at Gettysburg High School, suffered injuries when he fell from a roof. He seeks damages from the school district and an assistant principal who directed him to come down from the roof. Defendants assert immunity and move for summary judgment under Pa.R.C.P. 1035.

Standards for ruling on motions for a summary judgment are described in a number of cases. It is clear that the court must view the record in a light most favorable to plaintiff and give to him the benefit of all reasonable inferences. The court's task is not to resolve factual disputes, but to determine if there are any genuine issues relating to material facts. Summary judgment will be entered only if defendants clearly

are entitled to judgment as a matter of law. *Carns v. Yingling,* 406 Pa. Super. 279, 594 A.2d 337 (1991).

A slight problem exists with respect to the record. All briefs mention that depositions have been taken. Plaintiff refers to specific statements made by Mr. Gregor. However, none of the depositions have been filed of record, nor have any copies been provided the court. One might think that the court should postpone its decision until the material is made available. Otherwise, we may be considered as ruling on a motion for judgment on the pleadings. (Rule 1034). However, since plaintiff has referred to those portions of Mr. Gregor's testimony that he considers relevant we will assume the truth of those statements and proceed to rule.

The following facts emerge. On December 13, 1989, plaintiff and other students were involved in a ball game. The ball went on the roof of a school building. Other students were able to boost plaintiff to the roof, where he retrieved the ball. A snowball battle then erupted, which was stopped by the appearance of Mr. Gregor. Mr. Gregor instructed plaintiff to get down off the roof and forbade any of the other students from helping. Plaintiff intended to slide to the edge of the roof, hang by his hands and then drop to the ground, some nine feet, eight inches below. School authorities were aware that students periodically retrieved balls from the roof and regained the ground by hanging and dropping. School officials were also aware that the practice involved some risk of injury.

Plaintiff slipped on the snow covered roof and was unable to control his fall. As a result, he broke his wrist.

Plaintiff seeks to qualify his action under the real estate exception to immunity, as described in the Po-

litical Subdivision Tort Immunity Act, 42 Pa.C.S. §8541(b)(3). The school district is not immune if plaintiff's injuries arose from the care, custody or control of real estate. Plaintiff may not claim the benefit of the exception if he were an intentional trespasser.

Courts have made it clear that exceptions to immunity must be strictly construed and that the condition of the real estate itself, as opposed to actions of people using it, must cause the injury, *Vann v. Board of Education of School District of Philadelphia,* 76 Pa. Commw. 604, 464 A.2d 684 (1983); see also *Battle v. Philadelphia Housing Authority,* 406 Pa. Super. 578, 594 A.2d 769 (1991) (The case involved sovereign immunity under 42 Pa.C.S. §8522 (b)(3), but principles are the same.)

Defendants urge the court to focus on the gravaman of this case and not be misled by Mr. Gregor's conduct. His actions, they contend, no matter how ill advised, cannot qualify this case for the real estate exception. We agree. *Farber v. Pennsbury School District,* 131 Pa. Commw. 642, 571 A.2d 546 (1990).

Plaintiff calls to our attention the case of *Stahl v. Cocalico School District,* originally reported in ___ Pa. Commw. ___, 530 A.2d 948, reconsidered and restated 112 Pa. Commw. 50, 534 A.2d 1141 (1987). Commonwealth Court reversed dismissal of a complaint on demurrer and held that the following allegations qualified the action under the real estate exception. *Supra.*

(1) Plaintiff's decedent was 12 years old.

(2) Children customarily played in a school yard, even on Sunday, and this fact was known to school authorites.

(3) A heavy dumpster was located next to a low roof for an indefinite period of time and provided access to the roof.

(4) School authorities were aware that children frequently climbed on the roof to retrieve balls and came in contact with a defective skylight.

(5) School authorities were also aware that children coming in contact with the skylight "were likely to be seriously injured by contact because the skylight was in a dangerous and defective condition." *Supra,* footnote 2.

(6) Plaintiff's decedent fell through the skylight and was killed.

Superficially, this case resembles the one at bar. However, there are some important differences.

The plaintiff, in *Stahl, supra,* specifically raised Restatement (Second) Torts, section 339. Principles described in this section are sometimes referred to as the doctrine of attractive nuisance. The section has been raised only obliquely in our case by reference to *Stahl.* The section provides:

*"Artificial Conditions Highly Dangerous to Trespassing Children*

"A possessor of land is subject to liability for physical harm to children trespassing thereon caused by an artificial condition upon the land if:

"(a) the place where the condition exists is one upon which the possessor knows or has reason to know that children are likely to trespass; and

"(b) the condition is one of which the possessor knows or has reason to know and which he realizes or should realize will involve an unreasonable risk of death or serious bodily harm to such children; and

"(c) the children because of their youth do not discover the condition or realize the risk involved in intermeddling with it or in coming within the area made dangerous by it; and

"(d) the utility to the possessor maintaining the condition and the burden of eliminating the danger are slight as compared with the risk to children involved; and

"(e) the possessor fails to exercise reasonable care to eliminate the danger or otherwise to protect the children."

The child, in *Stahl*, was playing in a school yard on a Sunday. An important issue, in that case, was whether there was an intentional trespass. The same question can be asked because students can hardly be said to have the right to climb and walk around on roofs. This is important because an owner or possessor of real estate may have a duty to keep sidewalks free of snow, such a duty does not extend to roofs. Cases collected in *Farber, supra,* footnote three, relate to normal use of real estate. Pads must be placed to protect gymnasts and pole vault pits must be a safe place for vaulters to land.

We want to comment on two requirements mentioned in section 339. The section provides that children, because of their age, "do not discover the condition or realize the risk involved in intermeddling with it or coming within the area made dangerous by it." Second, the school district would have to know or have reason to know that the condition involved an unreasonable risk of death or serious bodily injury.

Were plaintiff to have raised the Restatement theory, he should have alleged his age at the time of the accident. He has not done so. If the issue were properly raised and resolution hinged upon plaintiff's ability to appreciate a risk of injury through falling, summary judgment would be inappropriate. *Carter By Carter v. U.S. Steel Coprporation,* 390 Pa. Super. 265, 568 A.2d 646 (1990). *Mucowski v. Clark,* 404 Pa. Super. 197, 590 A.2d 348 (1991).

More importantly, there are too many missing criterion to invoke the section. Unless we hold, as a matter of law, that low roofs inherently pose a risk of death or serious bodily injury, there is absolutely nothing to justify the conclusion. We are not prepared to make such a wide ranging decision. There are also no allegations of arguments that the burden of eliminating the danger would be slight, in comparison to the danger. In *Stahl, supra,* access to the roof was by way of the dumpster, which could easily have been moved. Access seems important. In *Carter,* a young man climbed a tower and touched electrical line. A ladder was attached to the tower and easily accessible. No warning signs told of the danger fronm electricity. In *Stahl, supra,* Commonwealth Court held that the dumpster by which access was gained, could be considered part of the real estate. There was no such condition at Gettysburg High School. The students who helped boost plaintiff to the roof cannot be so considered a part of the real estate, no matter what opinion adults have of students.

In short, we find that the only way plaintiff could have invoked the real estate exception to immunity was through attractive nuisance issue. He has failed

to do this and we find the case appropriate for summary judgment.

The attached order is entered.

## ORDER

And now, November 15, 1991, judgment is entered in favor of defendants and against plaintiff.