## Longbottom v. Paul H. Yeomans, Inc.

*Robert C. Daniels,* for plaintiff.

*Mark Douple,* for defendant Sim-Kar Lighting Fixture Co.

*Thomas J. Duffy,* for defendant Bensalem Township School District.

BIESTER, Jr., *J.,* November 5, 1993—Plaintiff filed suit as a result of decedent's contact with a lighting fixture mounted on the roof of Valley Elementary School in Bensalem Township on July 13, 1989. Defendant Sim-Kar Lighting Fixture Co., joined and cross-claimed against Bensalem Township School District, on December 20, 1990. Bensalem has moved for summary judgment on the grounds that it is immune from liability under the Political Subdivision Tort Claims Act. We now issue this opinion granting summary judgment to Bensalem.

On July 13, 1989, the decedent, Brian Longbottom, then 18 years old, was hitting tennis balls against a wall of the Valley Elementary School. In order to retrieve tennis balls that he hit on the roof, Brian scaled a pipe located next to a wall of the school and climbed up

to the roof. While climbing down, Brian was electrocuted when his foot came in contact with a lighting fixture which was mounted on a wall three to four feet below the roof and 12 to 15 feet from the ground. Sim-Kar alleges that the fixture was improperly installed by a Bensalem employee in that it was not grounded, and that a "hot" lead wire was not installed correctly.

The basis for Bensalem's summary judgment motion is that plaintiff does not satisfy an exception to governmental immunity under the Political Subdivision Tort Claims Act. Section 8542 of the Act lists exceptions to governmental immunity and provides in part:

*"(a) Liability imposed.*—A local agency shall be liable for damages on account of an injury to a person or property within the limits set forth in this subchapter if both of the following conditions are satisfied and the injury occurs as a result of one of the acts set forth in subsection (b):

"(1) The damages would be recoverable under common law or a statute creating a cause of action if the injury were caused by a person not having available a defense under section 8541 (relating to governmental immunity generally) or section 8546 (relating to defense of official immunity); and

"(2) The injury was caused by the negligent acts of the local agency or an employee thereof acting within the scope of his office or duties with respect to one of the categories listed in subsection (b). As used in this paragraph, 'negligent acts' shall not include acts or conduct which constitutes a crime, actual fraud, actual malice or willful misconduct.

*"(b) Acts which may impose liability.*—The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:

"(3) Real Property.—The care, custody or control of real property in the possession of the local agency, *except that the local agency shall not be liable for damages on account of any injury sustained by a person intentionally trespassing on real property in the possession of the local agency."* (emphasis provided) 42 Pa.C.S. §8542.

A motion for summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Pa.R.C.P. 1035(b). In considering a motion for summary judgment, the court must examine the record in the light most favorable to the non-moving party; not decide issues of fact but merely determine whether such issues exist; and resolve all doubts as to the existence of a genuine issue of material fact in favor of the non-moving party. *Taylor v. Tukanowicz,* 290 Pa. Super. 581, 586, 435 A.2d 181, 183 (1981). Summary judgment will only be entered in cases that are clear and free from doubt. *Johnson v. Harris,* 419 Pa. Super. 541, 549, 615 A.2d 771, 775 (1992).

In the instant case, summary judgment must be granted if the decedent was trespassing when he climbed atop the roof of the school to retrieve his tennis balls. A trespasser is "one who enters the land of another without any right to do so or who goes beyond the rights and privileges which he or she has been granted by license or invitation." *Oswald v. Hausman,* 378 Pa. Super. 245, 253, 548 A.2d 594, 598 (1988). Conversely, a licensee is "a person who is privileged to enter or remain on land only by virtue of the possessor's consent." Restatement (Second) of Torts §330 (1965).

Bensalem admits that decedent was initially a licensee in that individuals were permitted to hit tennis balls against the wall of the Valley Elementary School. The critical issue is whether the decedent became a trespasser once he climbed onto the roof. Sim-Kar argues that questions remain as to whether the decedent was a trespasser because school officials were aware that individuals had gained access to the roof prior to decedent's accident. (Hansen deposition, pp. 24-26.) But in light of additional facts, the school officials' prior knowledge is insufficient to sustain the contention that the decedent remained a licensee when he climbed onto the roof.

A person who lawfully enters a particular part of land for a particular purpose may become a trespasser if he or she subsequently enters another part of the land. See Restatement (Second) of Torts §341 comment b (1965); *Dumanski v. City of Erie,* 348 Pa. 505, 34 A.2d 508 (1943) (child who strayed from path in city dump and entered into excavation 50 feet away extended his activities beyond the scope of a licensee and became a trespasser). In this case, Sim-Kar has supplied no evidence which would suggest that school officials consented to individuals climbing onto the roof. To the contrary, Bensalem presented evidence that school officials took measures to keep people off the roof, including placing sheet metal and bricks around structures which children could climb to reach the roof (Hansen deposition, pp. 19-27), and instructing security personnel to call the police if individuals were seen on the roof. (Scollon deposition, pp. 16-17.) The authors of the Restatement of Torts reasoned that:

"[a] mere failure to object to another's entry may be a sufficient indication or manifestation of consent, if the possessor knows of the other's intention to enter,

and has reason to believe that his objection is likely to be effective in preventing the other from coming. On the other hand, the fact that the possessor knows of the intention to enter and does not prevent it is not necessarily a manifestation of consent, and therefore is not necessarily permission. A failure to take burdensome and expensive precautions against intrusion manifests only an unwillingness to go to the trouble and expense of preventing others from trespassing on the land, and indicates only toleration of the practically unavoidable, rather than consent to the entry as licensee. Even a failure to post a notice warning the public not to trespass cannot reasonably be construed as an expression of consent to the intrusion of persons who habitually and notoriously disregard such notices." Restatement (Second) of Torts §330 comment c (1965).

Given the actions taken by Bensalem, its knowledge of prior trespassers cannot reasonably be stretched into an expression of consent.

Sim-Kar relies on *Stahl v. Cocalico School District,* 112 Pa. Commw. 50, 534 A.2d 1141 (1987) for the proposition that decedent was not a trespasser. In *Stahl,* a 12-year-old was killed when he fell through a skylight on the roof after climbing onto a trash dumpster, and then the roof, in order to retrieve a ball. Sim-Kar's reliance on *Stahl* is misplaced for one very important reason: because the victim in *Stahl* was a 12-year-old child, plaintiff's cause of action was based upon the "attractive nuisance" doctrine. Under the attractive nuisance theory, a child's status as a trespasser does not preclude liability. Decedent in this action, however, cannot avail himself of the attractive nuisance doctrine.

The attractive nuisance doctrine serves to protect children from dangers which they cannot appreciate, and is "codified" in section 339 of the Restatement of Torts,

Artificial Conditions Highly Dangerous to Trespassing Children:

"A possessor of land is subject to liability for physical harm to children trespassing thereon caused by an artificial condition upon land if

"(a) the place where the condition exists is one upon which the possessor knows or has reason to know that children are likely to trespass, and

"(b) the condition is one of which the possessor knows or has reason to know and which he realizes or should realize will involve an unreasonable risk of death or serious bodily harm to such children, and

"(c) the children because of their youth do not discover the condition or realize the risk involved in intermeddling with it or in coming within the area made dangerous by it, and

"(d) the utility to the possessor of maintaining the condition and the burden of eliminating the danger are slight as compared with the risk to children involved, and

"(e) the possessor fails to exercise reasonable care to eliminate the danger or otherwise to protect the children." Restatement (Second) of Torts §339 (1965).

By its very language the attractive nuisance doctrine applies to children. The decedent was not a child. Although Pennsylvania does not definitively set the age at which a child becomes an adult, numerous laws and rules of court classify an 18-year-old as an adult. See 23 Pa.C.S. §5302 (a child for custody purposes is under 18 years of age); 42 Pa.C.S. §6302 (a child for juvenile purposes is under 18 years of age); Pa.R.C.P. 76 (an adult under the Pennsylvania Rules of Civil Procedure is a person at least 18 years old). In a 1982 opinion, Judge Ditter of the Eastern District of Pennsylvania

commented that the attractive nuisance doctrine is clearly inapplicable to a 21-year-old college student. *Heller v. Consolidated Rail Corp.,* 576 F. Supp. 6 (E.D. Pa. 1982), *aff'd* 720 F.2d 662 (3d Cir. 1983).

We have found no case in Pennsylvania or any other jurisdiction which has applied the attractive nuisance doctrine to a healthy, competent 18-year-old. Comment (c) to section 339 of the Restatement (Second) of Torts suggests that the doctrine has been applied, in a few instances, to a child as old as 17, but does not suggest it has ever been applied to an 18-year-old. The attractive nuisance doctrine simply does not extend its protection to the decedent in this case.

Sim-Kar's final contention is that even if decedent was a trespasser, Bensalem's negligence in this case amounted to willful misconduct to which governmental immunity does not apply. Willful misconduct is "conduct of such a nature that the actor desired to bring about the result that followed or at least was aware that it was substantially certain to follow." *Dudley v. USX Corp.,* 414 Pa. Super. 160, 172, 606 A.2d 916, 922-23 (1992). Sim-Kar argues that Bensalem may have engaged in willful misconduct by failing to ground the light fixture and improperly installing the lead "hot" wire. Certainly Bensalem did not desire to cause decedent's death, and the pleaded facts do not satisfy the requirement that Bensalem was aware that decedent's electrocution was substantially certain to follow the alleged improper installation of the lighting fixture. Wherefore the court issues the following order:

## ORDER

And now, November 5, 1993, it is hereby ordered that Bensalem Township School District's motion for summary judgment is granted.