570 A.2d 626

Robert F. CROWELL, Administrator of the Estate of Marc Ethan Crowell, Deceased and Robert F. Crowell and Linda Crowell as plaintiffs in their own right

v.

CITY OF PHILADELPHIA and Henry B. Lewis and Robert F. Crowell.

Appeal of CITY OF PHILADELPHIA, Appellant.

Robert F. CROWELL, Administrator of the Estate of Marc Ethan Crowell, Deceased and Robert F. Crowell and Linda Crowell, in their own right, Appellants,

v.

COMMONWEALTH of Pennsylvania and City of Philadelphia and Henry B. Lewis and the Children's Hospital of Philadelphia, Appellees.

Commonwealth Court of Pennsylvania.

Argued Sept. 15, 1989.

Decided Feb. 16, 1990.

Alan C. Ostrow, Asst. City Sol., with him, Seymour Kurland, City Sol., Norma S. Weaver, Chief Deputy in Charge of Claims, and Barbara R. Axelrod, Divisional Deputy in Charge of Appeals, for appellant/appellee, City of Philadelphia.

George F. Dale, Dale & Korolishin, Philadelphia, for appellants/appellees, Robert F. Crowell, et al.

A. Peter Prinsen, Duane, Morris & Heckscher, Philadelphia, for appellant/appellee.

Before BARRY and SMITH, JJ., and BARBIERI, Senior Judge.

## OPINION

BARRY, Judge.

These are consolidated appeals from an order of the Court of Common Pleas of Philadelphia County denying the motion for post-trial relief of the City of Philadelphia (City) and entering judgment upon a molded jury verdict in favor of Robert F. Crowell, Administrator of the Estate of Marc

Ethan Crowell, Deceased, and Robert F. Crowell and Linda Crowell, husband and wife, in their own right (hereinafter sometimes collectively referred to as the Crowells). The judgment was entered against the City and Henry B. Lewis (Lewis), the owner and operator of an automobile which struck the Crowells' vehicle. We are compelled to reverse, in part, the trial court's order and enter judgment notwithstanding the verdict in favor of the City.

The Crowells commenced this action as the result of an automobile accident which occurred at approximately 8:30 p.m. on May 17, 1981, at a turn in the road approximately seventy feet west of the University Avenue exit ramp of the Schuylkill Expressway in the City of Philadelphia. The accident involved two automobiles. The first vehicle was owned and operated by Robert F. Crowell. Passengers in the Crowell vehicle were Linda Crowell and Mr. and Mrs. Crowell's sons, Ryan and Marc. The other vehicle was operated by Lewis. The accident occurred as the Lewis vehicle crossed over a median divider and struck the Crowell automobile. Marc Crowell, who was seated in the rear of the Crowell vehicle behind his father, sustained serious injuries in the accident which resulted in his death six months later.

Just before Lewis reached the turn in the road where the accident occurred, there was a traffic directional sign, which had been erected by the City, warning Lewis and other drivers that the road ahead curved to the left. In fact, the road curved to the right. Lewis followed the traffic directional sign and curved to the left, crossed over the median and struck the Crowell vehicle. In a subsequent criminal action, Lewis pleaded guilty to charges of driving under the influence of alcohol at the time of the accident.

A jury trial was held in this action in December of 1987. At the trial, the Crowells' traffic engineering expert testified that motorists require positive guidance from traffic signs and signals and that the sign in question not only failed to provide such positive guidance, but in fact misguided Lewis. The Crowells' expert rendered an opinion that

the left curve sign was a substantial factor in causing the accident.

The jury returned a verdict in the amount of $1,650,000 in favor of the Crowells. The jury attributed eighty percent of the liability to Lewis and the remaining twenty percent was attributed to the City. Thereafter, the trial court molded the jury verdict and denied the City's motion for post-trial relief. This timely appeal followed.

The issue presented for our review is whether the trial court erred as a matter law in denying judgment notwithstanding the verdict on the basis that the Crowells' claims against the City are barred by Section 8541 of the Judicial Code, 42 Pa.C.S. § 8541 (Section 8541)[1].

The absolute rule of governmental immunity stated in Section 8541 provides: "Except as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person". As a local agency, see 42 Pa.C.S. § 8501, the City is immune from liability for injuries unless the Crowells establish a cause of action which falls within the requirements of Section 8542 of the Judicial Code, 42 Pa.C.S. § 8542 (Section 8542). Section 8542 requires the Crowells to establish that: (1) the damages

1. Because of our resolution of this issue, we do not address the other issues raised by the parties in these appeals. The additional issues raised by the City are: (1) Did the trial court err as a matter of law in denying judgment notwithstanding the verdict where Section 8541 bars claims for the failure to *erect* traffic controls and no party offered evidence showing that the City erected the traffic directional sign at issue?; (2) Did the trial court err in denying the City's motion for a new trial based on the trial court's failure to give a supplemental point for charge?; and (3) Did the trial court err as a matter of law in granting delay damages when the City did not delay the case?

The issues raised by the Crowells are: (1) Did the trial court err in molding the jury verdict since the City never made a motion at trial or thereafter to mold the verdict?; and (2) Did the trial court err in molding the jury verdict because Section 8553(b) of the Judicial Code, 42 Pa.C.S. § 8553(b) (limiting damages recoverable against a local agency to $500,000 in the aggregate) is unconstitutional?

Finally, Lewis presents the question of whether the City has waived the issue concerning the trial court's alleged error with regard to Section 8541 barring claims for failure to *erect* traffic controls.

would be recoverable at common law or by way of a statute creating a cause of action, (2) the Crowells' injuries were caused by the negligence of the City, and (3) the City's negligent acts fall within one of the eight exceptions set forth in Section 8542(b).

It is undisputed that, but for the absolute grant of immunity of Section 8541, the Crowells would have a cause of action against the City. *See City of Philadelphia v. Messantonio*, 111 Pa.Commonwealth Ct. 364, 533 A.2d 1127 (1987) (Once a local agency assumes the duty to erect a traffic control, a cause of action exists for injuries caused by the local agency's failure to erect the traffic control in a non-negligent fashion)[2]. What is at issue in this case is whether the Crowells' injuries were caused by acts which fall within the traffic controls exception to immunity contained in Section 8542(b)(4). That section provides:

**Acts which may impose liability.**—The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:

. . . .

(4) *Trees, traffic controls and street lighting.*—A dangerous condition of trees, traffic signs, lights or other traffic controls, street lights or street lighting systems under the care, custody or control of the local agency, except that the claimant to recover must establish that

**2.** We note parenthetically that *Messantonio* appears to be contrary to the result we reach in the present case. Upon closer examination, however, it is not. In that case, a contribution action was instituted against the City of Philadelphia by the driver of an automobile who had entered into a settlement with the family of a pedestrian injured by the driver in an automobile accident. The contribution action was based upon the negligent design and maintenance of a traffic control signal by the City of Philadelphia. We upheld the trial court's finding that the conduct of the City of Philadelphia was a cause of the accident and was liable for fifty percent of the settlement amount since the driver of the automobile and the City of Philadelphia were joint tortfeasors. As we state in the *Messantonio* opinion, however, the original cause of action (pedestrian v. driver of the automobile) arose between the abolition of the doctrine of governmental immunity by the Pennsylvania Supreme Court in *Ayala v. Philadelphia Board of Public Education*, 453 Pa. 584, 305 A.2d 877 (1973), and the legislature's re-establishment of limited governmental immunity. Thus, governmental immunity is not discussed in the *Messantonio* opinion.

the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred and that the local agency had actual notice or could reasonably be charged with notice under the circumstances of the dangerous condition at a sufficient time prior to the event to have taken measures to protect against the dangerous condition.

The City argues that the rationale of the Pennsylvania Supreme Court's opinion in *Mascaro v. Youth Study Center*, 514 Pa. 351, 523 A.2d 1118 (1987), requires us to construe Section 8542(b)(4) narrowly and conclude that the City, as a matter of law, is immune from liability in the present case.

In *Mascaro*, the plaintiffs were severely injured by the criminal acts of a third party who had escaped from the defendant's detention facility. The plaintiffs alleged that the real property exception to governmental immunity applied because defective locks at the detention facility had allowed the third party to escape. The real property exception to governmental immunity is contained in Section 8542(b)(3). That section provides that a local agency or any of its employees may be held liable for injuries caused by:

The care, custody or control of real property in the possession of the local agency, except that the local agency shall not be liable for damages on account of any injury sustained by a person intentionally trespassing on real property in the possession of the local agency. A[s] used in this paragraph, 'real property' shall not include:

(i) trees, traffic signs, lights and other traffic controls, street lights and street lighting systems;

(ii) facilities of steam, sewer, water, gas and electric systems owned by the local agency and located within rights-of-way;

(iii) streets; or

(iv) sidewalks.

The trial court in *Mascaro* granted the local agency's motion for judgment on the pleadings and this court re-

versed. On appeal to our Supreme Court, our decision was reversed. The Supreme Court stated:

> We agree that the real estate exception to governmental immunity is a narrow exception and, by its own terms, refers only to injuries arising out of the care, custody or control of the real property in the possession of the political subdivision or its employees. Acts of the local agency or its employees which make the property unsafe for the activities for which it is regularly used, for which it is intended to be used, or for which it may reasonably be foreseen to be used, are acts which make the local agency amenable to suit. Acts of *others*, however, are specifically excluded in the general immunity section (42 Pa.C.S. § 8541), and are nowhere discussed in the eight exceptions. On this basis alone, we must conclude that any harm that others cause may not be imputed to the local agency or its employees.... [We] hold that the real estate exception can be applied only to those cases where it is alleged that the artificial condition or defect of the land *itself* causes the injury, not merely when it facilitates the injury by the acts of others, whose acts are outside the scope of liability.

*Mascaro*, 514 Pa. at 362–63, 523 A.2d at 1123–24 (emphasis in original).

The City contends that the reasoning of *Mascaro* requires the entry of judgment notwithstanding the verdict in its favor since it was not the dangerous condition of the traffic directional sign *itself* that caused the injuries to the Crowells. Standing alone, the City's negligent erection of the traffic directional sign caused no injury to the Crowells. Absent Lewis' conduct, no injury would have occurred. Thus, the City argues, it merely facilitated the harm to the Crowells. Given the facts of the present case, the City contends that permitting the Crowells to recover is tantamount to imputing the conduct of Lewis to the City, a result which is prohibited by *Mascaro*.

We have held that the analysis of the Supreme Court in *Mascaro* is applicable to all eight exceptions to governmen-

tal immunity. *Herman v. Greene County Fair Board,* 112 Pa.Commonwealth Ct. 615, 535 A.2d 1251 (1988). Moreover, we have found that the conduct of a third party need not be criminal in order for *Mascaro* to apply. *Gallagher v. Bureau of Correction,* 118 Pa.Commonwealth Ct. 516, 545 A.2d 981 (1988). In *Gallagher,* a prisoner brought an action against the Bureau of Correction to recover for injuries incurred when the prisoner was climbing into his bunk by using the cell door as steps, the only means by which the prisoner could get into the upper bunk. The prisoner's left finger was severed when a cellmate closed the cell door. The prisoner's allegation against the Bureau of Correction was that the cell door was a dangerous condition of real property which resulted in injury to the prisoner. We affirmed the grant of summary judgment in favor of the Bureau of Correction and against the prisoner. Although our holding in *Gallagher* is not stated with specificity, *Gallagher* can only be interpreted to mean that because the prisoner's injury would not have occurred absent the cellmate's conduct, which conduct was outside the scope of the immunity exception, the injury was merely facilitated by the dangerous condition of the cell door and *Mascaro* required that the prisoner be precluded from recovering as a matter of law.[3]

 Accordingly, we hold that the exception of Section 8542(b)(4) requires the Crowells to prove that the dangerous condition of the traffic directional sign *itself* caused the Crowells' injuries and not merely that the dangerous condition of the traffic directional sign facilitated the injury by the acts of Lewis, whose acts are outside the scope of liability contained in Section 8542(b)(4). Applying this standard, we are compelled to conclude that the City was entitled to the immunity granted by Section 8541. The

3. In *Moore v. Department of Justice,* 114 Pa.Commonwealth Ct. 56, 538 A.2d 111 (1988), *petition for allowance of appeal granted* 520 Pa. 610, 553 A.2d 971 (1988), we stated that the reasoning of *Mascaro,* which concerned governmental immunity, also applied to sovereign immunity cases. It follows that the rationale of *Gallagher,* which concerned sovereign immunity, applies to governmental immunity cases.

dangerous condition of the traffic directional sign, standing alone, did not cause harm to the Crowells. No harm was caused to the Crowells until the erroneous traffic directional sign was acted upon by Lewis. Because the City caused no harm to the Crowells absent the conduct of Lewis, the City merely facilitated the Crowells' injuries by the acts of Lewis.

In Lewis' response to the City's argument, Lewis aptly notes that the present case, unlike *Mascaro,* involves a jury verdict which attributes to the City twenty percent of the liability for the Crowells' injuries. Lewis argues that that finding shows that the City *caused,* rather than facilitated, the Crowells' injuries. Although Lewis raises an issue which would appear to justify distinguishing the present case from *Mascaro,* we must conclude that such a distinction is not valid. In *Mascaro,* the Supreme Court upheld the dismissal of plaintiffs' complaint on a motion for judgment on the pleadings, thereby denying plaintiffs the opportunity to submit their case to a jury for a liability determination. In similar fashion, we upheld the grant of summary judgment in *Gallagher.* Here, the City's attempts to have this case decided preliminarily (motion for summary judgment and motion for compulsory non-suit) were denied by the trial court. We believe it is illogical to permit recovery in this case solely on the basis that the trial court failed to dismiss the Crowells' complaint prior to the case going to the jury.

We do observe that this decision effectively eradicates joint tortfeasor liability on the part of a local agency under Section 8542(b)(4). We are hard-pressed to think of a situation involving the *concurrent* negligence of a local agency where it cannot be said that the agency's negligence merely facilitated the harm caused. Indeed, if the rationale of this case is applied to other governmental immunity exceptions, including those pertaining to the Commonwealth, the joint tortfeasor liability of any governmental unit will be difficult to establish under any exception. *See, e.g., Gallagher.*

Further, although this is the first opinion to identify the virtual impossibility of proving the liability of a local agency where the local agency's negligence is concurrent with that of another tortfeasor, we believe we are simply stating what is implicit in the Supreme Court's *Mascaro* opinion. In his concurring opinion in *Mascaro,* 514 Pa. at 364, 523 A.2d at 1125, Justice Hutchinson notes that the Supreme Court could have decided *Mascaro* on the grounds that the criminal conduct in *Mascaro* acted as an intervening cause of the plaintiffs' injuries, thus breaking the causal link between the local agency's conduct and the harm inflicted upon the plaintiffs. Had the Supreme Court employed this analysis, rather than holding that a local agency cannot be liable where its conduct merely *facilitates* the harm caused, this Court would be able to distinguish the present case from *Mascaro.* *Mascaro* involved intentional criminal conduct which was an intervening cause and which relieved the City of Philadelphia from liability to the plaintiffs as a matter of law. In the present case, there is no conduct on the part of Lewis which permits us to conclude that Lewis' conduct was an intervening cause of the injuries sustained by the Crowells so as to relieve the City of liability as a matter of law. Since the Supreme Court rejected an intervening cause analysis in *Mascaro,* we believe we are precluded from utilizing such an analysis to distinguish the present case from *Mascaro.*

For the foregoing reasons, we are constrained to reverse that portion of the trial court's order entering judgment in favor of the Crowells and against the City.

SMITH, J., dissents.

## ORDER

NOW, February 16, 1990, that portion of the order of the Court of Common Pleas of Philadelphia, dated November 4, 1988, entering judgment in favor of Robert F. Crowell, Administrator of the Estate of Marc Ethan Crowell, Deceased and Robert F. Crowell and Linda Crowell, as plain-

tiffs in their own right, and against the City of Philadelphia, is reversed and judgment notwithstanding the verdict is entered in favor of the City of Philadelphia. That portion of the trial court's order entering judgment in favor of Robert F. Crowell, Administrator of the Estate of Marc Ethan Crowell, Deceased and Robert F. Crowell and Linda Crowell, as plaintiffs in their own right, and against Henry B. Lewis, is affirmed.

## ORDER

NOW, February 16, 1990, the cross-appeal of Robert F. Crowell, Administrator of the Estate of Marc Ethan Crowell, Deceased and Robert F. Crowell and Linda Crowell, in their own right against the Commonwealth of Pennsylvania and City of Philadelphia and Henry B. Lewis and The Children's Hospital of Philadelphia, is dismissed.