590 A.2d 62

**John HEDGLIN, Appellant,**

v.

**CITY OF SCRANTON, Appellees.**

Commonwealth Court of Pennsylvania.

Argued Oct. 29, 1990.

Decided April 15, 1991.

Matthew A. Cartwright, Munley, Mattise & Kelly, P.C., Scranton, for appellant.

James E. O'Brien, Jr., Kennedy, O'Brien, McCormack & Mulcahey, Scranton, for appellees.

Before PALLADINO and McGINLEY, JJ., and CRUMLISH, Jr., Senior Judge.

PALLADINO, Judge.

John Hedglin (Appellant) appeals from an order of the Court of Common Pleas of Lackawanna County (trial court) granting summary judgment in favor of the City of Scranton (City) and dismissing Appellant's complaint. We affirm.

The facts are not in dispute. On the evening of June 13, 1984, on his way home from a friend's house, Appellant decided to take a short cut through property owned by the City. Appellant tripped over some debris left by City employees, after they had trimmed some trees on the prop-

erty. In an attempt to prevent his fall, Appellant leaned against the abandoned house on the property, coming in contact with a broken window, causing a serious cut to his forearm. Appellant admits that at the time of the incident, he was trespassing on the property.

Appellant filed suit against the City, alleging that the City was negligent in allowing a tree in a dangerous condition to exist on its property, failing to warn of the dangerous tree, and failing to properly secure the property. Following discovery, the City filed a motion for summary judgment on the grounds that it was immune from liability under 42 Pa.C.S. § 8541 (governmental immunity) and that the Appellant's claim did not meet any of the exceptions set forth in 42 Pa.C.S. § 8542.[1] In response to this motion, Appellant argues that the City is liable to trespassers under the tree exception, and under section 335 of the Restatement (Second) of Torts (1965) (Artificial Conditions Highly Dangerous to Constant Trespassers on Limited Area) and

---

**1.** The relevant exceptions are as follows:

§ **8542. Exceptions to governmental immunity.**

. . . .

**(b) Acts which may impose liability.**—The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:

. . . .

(3) *Real property.*—The care, custody or control of real property in the possession of the local agency, except that the local agency shall not be liable for damages on account of any injury sustained by a person intentionally trespassing on real property in the possession of the local agency. A [sic] used in this paragraph, "real property" shall not include:

(i) trees, traffic signs, lights and other traffic controls, street lights and street lighting systems;

. . . .

(4) *Tree, traffic controls and street lighting.*—A dangerous condition of trees, traffic signs, lights or other traffic controls, street lights or street lighting systems under the care, custody or control of the local agency, except that the claimant to recover must establish that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred and that the local agency had actual notice or could reasonably be charged with notice under the circumstances of the dangerous condition at a sufficient time prior to the event to have taken measures to protect against the dangerous condition.

this court's decision in *Stahl v. Cocalico School District,* 112 Pa.Commonwealth Ct. 50, 534 A.2d 1141 (1987). The trial court found that *Stahl* was not applicable and held that the applicable exception was the real property exception, which specifically excludes trespassers, and for that reason, granted the motion for summary judgment in favor of the City. This appeal followed.

On appeal to this court, Appellant raises two issues: (1) whether a person who trips and falls over tree cuttings on real estate owned by a political subdivision may recover in tort although he is a trespasser; and (2) whether section 335 of the Restatement (Second) of Torts permits a claim against a local agency.

■ Summary judgment may be granted only "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Pa.R.C.P. No. 1035(b). Our scope of review of a trial court's grant of summary judgment is limited to a determination of whether the trial court abused its discretion or committed an error of law. *Herman v. Greene County Fair Board,* 112 Pa.Commonwealth Ct. 615, 535 A.2d 1251 (1988).

■ Appellant argues the real estate exception is not the applicable exception in this case, but rather the trees, traffic controls and street lighting exception is applicable. Because this exception does not exclude trespassers, as does the real estate exception, Appellant argues he is entitled to recover from the City. However, in *Crowell v. City of Philadelphia,* 131 Pa.Commonwealth Ct. 418, 425, 570 A.2d 626, 630 (1990)[2] this court, in construing the language of the trees, traffic controls and street lighting exception, held that the "dangerous condition of the [tree or] traffic directional sign *itself*" must cause the injury rather than merely facilitating the injury, before the exception will be

**2.** *Crowell* was overruled on other grounds in *Buschman v. Druck,* 139 Pa.Commonwealth Ct. ——, 590 A.2d 53 (1991).

applicable. (Emphasis added.) In the matter now before us, the facts do not show that the trees actually caused the injury; cuttings from them on the ground merely facilitated the injury. The injury was caused by the broken window in the structure. Accordingly, the tree exception cannot be the basis for the City's liability.

The only other exception that may apply is the real estate exception. However, this exception specifically excludes intentional trespassers. Appellant, however, relies upon *Stahl*, in which case this court permitted recovery where the injured plaintiff, a child, was found by the trial court to be a trespasser. *Stahl*, however, is of no assistance to the Appellant. Then President Judge Crumlish, speaking for this court, held that the trial court had erred in concluding that the child was a trespasser, because the school district permitted "the general use of the school yard ... for recreational purposes ... [by] neighborhood children before or after school or on weekends." *Id.*, 112 Pa.Commonwealth Ct. at 55, 534 A.2d at 1143. It was this conclusion that no trespass occurred which permitted the recovery in *Stahl*, not any expansion of the exception to permit trespassers to recover, as Appellant argues.[3]

Appellant argues further, that this court should find that section 335 of the Restatement (Second) of Torts [4] is applicable and would permit recovery, even though he was a trespasser. We conclude that it does not. We are required to narrowly construe the exceptions to immunity. *Mascaro v. Youth Study Center*, 514 Pa. 351, 523 A.2d

---

3. The fact that the injured party in *Stahl* was a twelve year old child played an important part in the decision. In the matter now before this court, the injured party was an adult.

4. § 335. Artificial Conditions Highly Dangerous to Constant Trespassers on Limited Area

A possessor of land who knows, or from facts within his knowledge should know, that trespassers constantly intrude upon a limited area of the land, is subject to liability for bodily harm caused to them by an artificial condition on the land, if
(a) the condition
(i) is one which the possessor has created or maintains and
(ii) is, to his knowledge, likely to cause death or seriously bodily harm to such trespassers and

1118 (1987). The legislature has clearly prohibited trespassers from obtaining recovery from local agencies. If the legislature intended for section 335 to be applicable, it would have written the exception to permit recovery in such cases. We cannot ignore the express language, and accordingly conclude that recovery against the City is not available.

Accordingly, we affirm the trial court's grant of summary judgment.

McGINLEY, J., concurs in the result only.

## ORDER

AND NOW, April 15, 1991, the order of the Court of Common Pleas of Lackawanna County in the above-captioned matter is affirmed.

(iii) is of such a nature that he has reason to believe that such trespassers will not discover it, and

(b) the possessor has failed to exercise reasonable care to warn such trespassers of the condition and the risk involved.