## Gravine v. Misko

*Eugene D. McGurk,* and *Paul Mazzoni,* for plaintiffs.
*John J. Byrne,* for defendant Blena Misko.
*Gerald J. Hanchulak,* for defendant City of Carbondale.
*Robert Borthwick,* for defendant PennDOT.
*Joseph Price,* for defendant American Asphault Paving Co. Inc.
*Anthony Piazza,* for additional defendants Edward and Marie Krafchick.
*Timothy Foley,* for counterclaim defendants Thomas Jr. and Monica Gravine.
*John Lenahan Jr.,* for additional defendant John Caporali.

MUNLEY, *J.,* June 24, 1991—Before the court for disposition is defendant, city of Carbondale's second motion for summary judgment. This cause of action arises out of an automobile accident which occurred on July 31, 1981, at the intersection of 42nd and Green Streets in the city of Carbondale. Blenda Misko was traveling West on 42nd Street and John Caporali was traveling North on Green Street when the two vehicles

collided, causing the death of John Caporali and injuring his passenger, Thomas Gravine.

Defendant, city of Carbondale, argues that it is immune from liability pursuant to 42 Pa.C.S. §8542(b)(4). Plaintiffs argue that the city was negligent in failing to properly maintain, inter alia, shrubbery, a mailbox and a utility pole, and these obstructions, in the care, custody and control of the city, created a "dangerous condition" causing the accident and resulting harm. Thus, plaintiff's posit the city is liable under the exception to immunity at 42 Pa.C.S. §8542(b).

First, defendant has advanced the argument of Assured Distance Ahead Rule to assert his position that the claim made against the city should be dismissed. Defendant posits that the drivers of the vehicles were not able to stop their vehicles within the Assured Clear Distance Rule. 75 Pa.C.S. §3361. The court is not persuaded by this argument, it is apparent that questions' regarding the ability to stop within the assured clear distance are issues for the trier of fact.

Second, the defendant argues that the dangerous conditions alleged by plaintiffs to have caused the accident, at best, may have facilitated plaintiff's injuries, but the obstructions alone did not cause any harm to the plaintiffs, thus they are not liable under the legal authority proposed in *Bowers v. Huffy Corp.*, 741 F. Supp. 1187 (E.D. Pa. 1990); *Crowell v. City of Philadelphia*, 131 Pa. Commw. 418, 570 A.2d 626 (1990) and *Mascaro v. Youth Study Center*, 514 Pa. Commw. 351, 523 A.2d 1118 (1987).

Plaintiffs conclude that the legal concepts propounded by the *Bowers* and *Mascaro* courts have no application

to the facts in this case. *Bowers, supra,* addressed an action brought against the city of Pottsville for it's failure to keep their properties in good repair and clear of obstructions, whereas in the instant case, plaintiff's allege that the dangerous condition resulted from the city's failure to conduct a post-construction survey after the street was widened. It is plaintiff's contention that after the street was widened, certain measures should have been taken by the city so as to have prevented the accident in the matter sub judice.

Under *Mascaro,* a criminal took advantage of defects in municipal property to commit a crime. The court held that the real estate exception to governmental immunity could be applied to cases where it is alleged that the artificial condition or defect of the land itself caused the injury, but not merely when it facilitated the injury by the acts of others, whose acts are outside the statute's scope of liability. Here, plaintiffs have alleged that because the city negligently maintained the intersection, the accident occurred, they do not allege any third party criminal activity.

We agree with plaintiffs and find that although these cases have been decided correctly, they are not persuasive when applied to the facts in the instant case. We further find that, notwithstanding the fact that a distinction can be made between the facts in *Crowell* and the case at bar, the *Buschman* case, overruled *Crowell,* which is up on appeal. "[W]e conclude that the panel *Crowell* erred when it suggested that the joint tortfeasor liability was no longer available against a governmental unit." *Buschman v. Druck,* 139 Pa. Commw. 182, 590 A.2d 53 (1991). The *Buschman* opinion makes it clear that joint liability, on the theory

of contribution from a local agency as a joint tortfeasor, remains viable. Only where criminal conduct of a joint tortfeasor is a legal cause of plaintiff's injuries will the local agency be relieved of any liability; said criminal activity being a superseding cause of plaintiff's injury. We find there being no apparent criminal conduct in the instant case, then the city has no grounds to seek summary judgment based upon the *Crowell* decision, which is unsettled law.

Finally, defendant argues that in *Hedglin v. City of Scranton,* 139 Pa. Commw. 201, 590 A.2d 62 (1991), the court determined that recovery against the city was unavailable and the facts are analogous to the instant matter. We disagree, the *Hedglin* court decided in favor of the city because a trespasser is prohibited from obtaining recovery for injuries from local agencies and the facts of the case revealed that the injuries were caused by a broken window in a structure and not the tree cuttings on the ground, which were in the control and custody of the city. Accordingly, in the *Hedglin* case, the governmental immunity exceptions could not be a basis for the city's liability.

In conclusion, we find that it is clear from the application of the law pertaining to exceptions to governmental immunity and the distinction to be made in the cases relied upon by the defendant, that the city of Carbondale's motion for summary judgment must be denied, for the second time.

## ORDER

Now, June 24, 1991, for the foregoing reasons, defendant's motion for summary judgment is denied.