620 A.2d 636

Theresica M. TOBAY, Administratrix of the Estate of Sylvester L. Tobay, Deceased, Appellant,

v.

Ronald R. CROSSLAND, Park Tavern, Roy's Pub and The Uniontown Police Department and Lori Nicklow, a Minor, Appellees.

Lori NICKLOW, a minor, by her parents and natural guardians Robert NICKLOW and Donna Nicklow and Robert Nicklow and Donna Nicklow, in their own right, Appellants,

v.

Ronald CROSSLAND and Betty England, t/a Park Confectionary, t/a Park Tavern, Roy Upton, t/a Roy's Pub, The City of Uniontown, a Municipal Corporation, Ronald Machesky and David Sisler and Theresica M. Tobay, Appellees.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 16, 1992.

Decided Jan. 27, 1993.

Regis M. McClelland, for appellant Theresica M. Tobay.

Joseph E. Fieschko, Jr., for appellants Lori Nicklow et al.

Damon J. Faldowski, for appellees.

Before CRAIG, President Judge, and COLINS, PALLADINO, McGINLEY, PELLEGRINI, FRIEDMAN and KELLEY, JJ.

McGINLEY, Judge.

Theresica Tobay (Tobay), Administratrix of the Estate of Sylvester Tobay, and Lorie Nicklow (collectively, Appellants) appeal from an order of the Court of Common Pleas of Fayette County (common pleas court) granting summary judgment to the City of Uniontown, Ronald Machesky, David Sissler and the Uniontown Police Department in Appellants' action for damages as a result of the collision of two vehicles. We affirm.

On July 14, 1984, Sylvester Tobay was traveling south in his lane of travel on Bute Road in the Township of North Union when his car was struck by a car operated by Ronald Crossland (Crossland). The collision resulted in Sylvester Tobay's

death and caused serious and permanent injuries to Lorie Nicklow (Nicklow), a passenger in Crossland's car.

On February 4, 1985, Tobay proceeded in the common pleas court against Crossland, Park's Tavern, Roy's Pub and the Uniontown Police Department (Police Department). Tobay's complaint alleges that at or about the time of the collision the Police Department was in pursuit of Crossland's car and that the pursuit was conducted in a dangerous, reckless, careless and negligent manner that ultimately led to the collision. Reproduced Record of Theresica Tobay at 11a. On July 3, 1986, Nicklow filed a complaint against Crossland, Park Tavern, Roy's Pub, the City of Uniontown (City) and Ronald Machesky and David Sissler (Officers), the police officers involved in the pursuit. Nicklow's complaint alleges that the City and the Officers acted in a careless, reckless, willful, dangerous and negligent manner in pursuing Crossland at a high rate of speed when they knew or should have known that this action posed a clear and present danger to others. Reproduced Record of Lorie Nicklow at 10a–13a.

The Police Department first filed for summary judgment on the basis of immunity and asserted that the allegations in Tobay's complaint are not within any exception to the grant of governmental immunity.[1] On January 16, 1987, the Police Department's motion for summary judgment was denied by the common pleas court. By order of September 2, 1988, the Tobay and Nicklow actions were consolidated by the common pleas court. The Police Department, the City, and the Officers (collectively; Appellees) all filed for summary judgment asserting governmental or official immunity and claiming the Appellants failed to set forth any cause of action, specifically relying upon this Court's analysis in *Crowell v. City of Philadelphia*, 131 Pa.Commonwealth Ct. 418, 570 A.2d 626 (1990).

---

1. The law on governmental immunity was formerly found in the Political Subdivision Tort Claims Act, Act of November 26, 1978, P.L. 1399, *as amended*, 53 P.S. § 5311.101–5311.808, which was repealed by the Act of October 5, 1980, P.L. 693. The current law regarding the defense of governmental immunity is found in Sections 8541–8542 of the Judicial Code, 42 Pa.C.S. §§ 8541–8542. Official immunity, the defense available to the Officers, is set forth specifically at 42 Pa.C.S. §§ 8545–8550.

The common pleas court granted summary judgment in favor of Appellees by order of November 29, 1990.

Section 8542(b)(1) of the Judicial Code provides an exception to governmental immunity for actions arising from the operation of a motor vehicle. Appellants have alleged negligent operation of the police vehicle under this exception. The common pleas court reviewed the exceptions to governmental immunity in light of the holding of *Mascaro v. Youth Study Center*, 514 Pa. 351, 523 A.2d 1118 (1987). In *Mascaro*, the Pennsylvania Supreme Court held that the real property exception to governmental immunity under the Act, 42 Pa.C.S. § 8542(b)(3), only applies if it is alleged that an artificial condition or defect of the land in question *itself* causes the injury complained of, and not when it facilitates the injury by the acts of others, whose acts are outside the statute's scope.

In its grant of summary judgment to Appellees, the common pleas court also relied upon this Court's application of *Mascaro* in *Crowell*.[2] In *Crowell*, the plaintiffs' auto was struck by an auto operated by an intoxicated driver. The plaintiffs had alleged that a dangerous condition of a traffic directional signal on the highway in Philadelphia caused their injuries.[3] We held that joint tortfeasor liability had effectively been eliminated insofar as local agencies are concerned. *Id.* 131 Pa.Commonwealth Ct. at 426, 570 A.2d at 631. On appeal the Supreme Court reversed, holding that the action of the intoxicated driver in following a wrongly placed directional signal was not an intervening superseding cause because there was no evidence of record to establish that his intoxication caused him to react differently than any other driver encountering the wrongly placed sign. *Crowell v. City of Philadelphia*, 531 Pa. 400, 613 A.2d 1178 (1992).

In this controversy, the common pleas court stated in its decision:

2. This Court has previously recognized that the analysis of the Supreme Court in *Mascaro* is applicable to all eight exceptions to governmental immunity contained in the Judicial Code. *Herman v. Greene County Fair Board*, 112 Pa.Commonwealth Ct. 615, 535 A.2d 1251 (1988).

3. Dangerous conditions of traffic signals are an exception to governmental immunity under 42 Pa.C.S. § 8542(b)(4).

Although in the present case the overt action by the [Police] Department could, in the same sense that the [agency's] omission to act did in *Mascaro,* make for "but for" causation, *Crowell* seems to instruct that proximate causation may not be assigned to government agencies or their employees unless their negligence is not joint or unless a subsequent independent cause is not superceding. [Sic] We are unable to establish such causation upon the facts in the record ...

Therefore, we must regretfully grant the Motions for Summary Judgment of the Defendant's [sic] Department and City. We also grant summary judgment as to the Defendant Officers ...because no allegation of "willful misconduct", etc., have been made [sic] to take their acts out of the umbrella of government action "within the scope" of their duties.

Decision of the Court of Common Pleas of Fayette County, November 29, 1988, at 12–13.

Subsequent to the common pleas court's order and disposition, the Pennsylvania Supreme Court reviewed the law on high speed pursuits. In *Dickens v. Horner,* 531 Pa. 127, 611 A.2d 693 (1992), the Supreme Court held that a local government is excluded from liability for the criminal acts of a third person who defies a lawful police request to stop his vehicle and chooses to embark upon an unlawful course of action that results in the infliction of injuries to others. The Court proceeded to compare the acts of the fleeing suspect to the criminal acts of the perpetrator in *Mascaro:*

We can not impose liability for the crimes of Horner [fleeing suspect] on the Township or Officer Bush any more than we could the City or the Youth Study Center in *Mascaro* because the legislative scheme of immunity consistently excludes all criminal acts from liability, including the acts of one such as Horner, who chooses to defy a lawful order to stop his car and commits a series of crimes which terminate in inflicting serious injuries to an innocent bystander like Appellee. Also see, *Chevalier v. City of Philadelphia,* 516 Pa. 316, 532 A.2d 411 (1987). Nor should we overlook the

108

fact that the control of the accident was solely within the hands of Horner who had only to obey the law and stop when requested by police.

*Id.* at 131–32, 611 A.2d at 695 (footnotes omitted).[4]

Here, as in *Dickens,* the police vehicle did not physically contact either of the vehicles involved in the collision. Consequently, we are constrained to conclude that Appellants' injuries were not proximately caused by the negligent operation of a police vehicle under 42 Pa.C.S. § 8542(b)(1).

The decision of the common pleas court is affirmed.

## ORDER

AND NOW, this 27th day of January, 1993, the order of this court in the above-captioned matter is vacated, and the order of the Common Pleas Court of Fayette County granting summary judgment in favor of the City of Uniontown, Ronald Machesky, David Sissler and the Uniontown Police Department is affirmed.

---

4. Although Appellants' complaints allege that the pursuit was conducted in a "reckless" (Tobay) and "reckless, willful" manner (Nicklow), they chosen not to pursue these allegations on appeal to this court. Willful misconduct on the part of the Officers would render the defense of official immunity unavailable to them. 42 Pa.C.S. § 8550. In addition, reckless conduct rising to a disregard of human life is a violation of the duty of the driver of an emergency vehicle to drive with due regard for the safety of others, 75 Pa.C.S. § 3105; reckless disregard may also amount to criminal negligence. *Commonwealth v. Clowser,* 212 Pa.Superior Ct. 208, 239 A.2d 870 (1968). In *Dickens,* Justice Papadakos recognized that a municipality is shielded from liability for the "criminal acts, actual fraud, actual malice or willful misconduct" of its employees, *Dickens,* 531 Pa. at 131, 611 A.2d at 695. The Officers' personal liability, if any, in this case remains unexplored due to Appellants' failure to preserve this issue for review.